IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

---

| | |
|---|---|
| JOANNE SNIDE, | CASE NO. 1:11 CV 0244 |
| Plaintiff, | |
| -vs- | MEMORANDUM OF OPINION AND ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION |
| DISCOUNT DRUG MART, INC., | |
| Defendant. | |

---

UNITED STATES DISTRICT JUDGE LESLEY WELLS

On 9 August 2011, this matter was referred, pursuant to Local Rule 72.1, to Magistrate Judge Greg White for supervision of all pretrial matters including recommendations on any dispositive motions. (Doc. 17). Before Magistrate White were the following motions: (1) Motion for Class Certification under the Fair Labor Standards Act ("FLSA") (Doc. 6); (2) Motion for Expedited Discovery Toward the Issuance of Notice to Prospective Class Members (Doc. 7); (3) Motion for Protective Order and Sanctions (Doc. 14); and (4) Motion to Strike Defendant's Filings #18 and #19 (Doc. 20). On 7 October 2011, Magistrate White submitted his Report and Recommendation ("R&R") denying plaintiff's motions in part.

Plaintiff timely filed objections to the R&R. (Doc. 26). These objections are without merit, however, and this Court will adopt the R&R issued by Magistrate White.

**Background**

First, the R&R concludes that conditional certification at the Wooster Drug Mart is appropriate. The collective class, would, therefore, consist of the following:

> All current and former non-exempt employees employed by Defendant Discount Drug Mart, Inc. at the Wooster, Ohio store who, since February 3, 2008, have not been paid in accordance with provisions of the FLSA as a result of Defendant Discount Drug Mart, Inc.'s policies, practices, and/or customs, including but not limited to, failure to pay overtime wages and failure to maintain records of hours worked and, as a result, have been damaged.

However, the R&R concludes that conditional certification for the other Discount Drug Marts throughout the State of Ohio is improper. Magistrate White notes that plaintiff has not shown evidence of a widespread discriminatory plan and therefore, fails to meet the third factor of the three factor test for conditional certification. See Mehmedi v. La Dolce Vita Bistro, LLC, 1:10-cv-1591 (N.D. Ohio Nov. 17, 2010) (citing Berger v. Cleveland Clinic Foundation, 2007 WL 2902907 (N.D. Ohio Sept. 29, 2007)).

Second, the R&R concludes that plaintiff's proposed notice of lawsuit and consent to participate needs revision. Judge White recommends the following changes to plaintiff's proposed notice: (1) a statement that opt-in plaintiffs could be liable for the payment of Drug Mart's costs if Drug Mart prevails; (2) language describing possible discovery requirements of opt-in plaintiffs; (3) language stating that Drug Mart denies the allegations and contends that it complied with the FLSA in good faith; (4) a statement indicating that the opt-in plaintiffs are entitled to be represented by plaintiff's counsel or by counsel of his or her own choosing; (5) that the notice is directed only to employees at the Drug Mart in Wooster, Ohio; and (6) that the consent to participate

form shall be postmarked by the forty-fifth day from the mailing of notice in order for a potential plaintiff to opt-in.

Third, the R&R recommends that Plaintiff's Motion for Expedited Discovery be granted consistent with the conditional certification as to the hourly employees of the Wooster Drug Mart only.

Fourth, the R&R recommends that this Court deny Plaintiff's Motion for a Protective Order and Sanctions without prejudice and Plaintiff's Motion to Strike Defendant's Fillings #18 and #19. Magistrate White notes:

> [I]n order to prohibit such communication, a plaintiff must demonstrate that the defendant misrepresented facts about the lawsuit, discouraged participation in the suit, or undermined the class' confidence in, or cooperation with, class counsel. Kerce v. West Telemarketing Corp., 575 F.Supp 2d 1354, 1366-1367 (S.D. Ga. 2008).

In the present case, Magistrate White concludes that plaintiff has not demonstrated that Discount Drug Mart's interviews were coercive, misleading, or improper or that the employer communication was undertaken to foreclose the employees' right to later join the FLSA action. Lewis v. The Huntington Natl Bank, Case No. 11-cv-0058 (S.D. Ohio May 23, 2011).

Plaintiff objected to several of the above recommendations. These objections are without merit; therefore, this Court will adopt Magistrate White's R&R.

3

**Objections**

*Objection Number 1*

In its most persuasive form, plaintiff's first objection is summarized as follows: Managers in training at the Wooster, Ohio store instructed employees to work "off the clock." Because these managers in training were in fact in training, they necessarily had been trained to act in this unlawful manner. If the training were company-wide policy, then this obviously constitutes evidence that defendant Discount Drug Mart had a widespread discriminatory plan. If the training were confined solely to the Wooster, Ohio store, then this still constitutes evidence of a widespread discriminatory plan because some of these managers in training were subsequently dispatched to work at other Discount Drug Marts in the State of Ohio.

This reasoning, however, is too inferential to constitute evidence of a widespread discriminatory plan. To be sure, some of the affidavit testimony does indicate that managers in training instructed some employees at the Wooster, Ohio store to work "off the clock" in violation of the FLSA and that some of these managers in training subsequently worked at other Discount Drug Marts in the State of Ohio. However, there is no evidence of any policy, written or oral, of defendant Discount Drug Mart instructing its managers in training to force hourly employees to work "off the clock." There is no evidence before this Court of the dispatched managers in training behaving in a similarly unlawful manner at other stores in the State of Ohio. In fact, plaintiff presents no evidence of any alleged FLSA infractions in other Discount Drug Mart stores in Ohio. This Court also notes that Discount Drug Mart submitted affidavits from

4

supervisors, current and former managers, and hourly employees indicating that its wage and hour policies are lawful and that its managers are trained on those policies.

*Objection 2*

Plaintiff objects to the R&R's determination that its opt-in notice was deficient and not appropriate for use in this matter. Specifically, plaintiff contends that her proposed opt-in notice was essentially a copy of the opt-in notice confirmed and accepted in a case before this very Court. See <u>Mehmedi v. La Dolce Vita Bistro, LLC</u>, 1:10-cv-1591 (N.D. Ohio Nov. 17, 2010).

This objection, however, is unpersuasive as it does not substantively address the Magistrate Judge's legal reasoning contained in the R&R. Furthermore, in large part, this objection amounts to a mere recitation of plaintiff's argument in her initiating brief. Such "general objections" do not serve the purposes of the Federal Rule of Civil Procedure 72(b), which requires the Court to conduct a <u>de novo</u> review only of the portions of the Magistrate Judge's R&R to which a party objects. See <u>Cvijetinovic v. Eberlin</u>, 617 F.Supp.2d 620, 631 (N.D. Ohio 2008) (citing <u>Jones v. Moore</u>, No. 3:04-cv-7584, 2006 WL 903199, at *7 (N.D. Ohio Apr. 7 2006) (Manos, J.)); <u>Aldrich v. Bock</u>, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.")

5

*Objection 3*

Plaintiff objects to the R&R's denial of her Motion for Protective Order and for Sanctions. Ms. Snide contends that her motion should be granted because Discount Drug Mart coerced and misled its hourly employees. Specifically, plaintiff claims that Discount Drug Mart's behavior was improper as evidenced by the affidavit of Erin Totten. Erin Totten, an hourly employee at the Drug Mart in Wooster, Ohio, stated: "The two men in the room . . . expressly told me I was not allowed to speak to anyone regarding any of the discussions we had in the room." (Affidavit, Erin Totten at ¶26). Ms. Snide claims Ms. Totten's statement is undisputed and cites Thomas McConnell's affidavit to support this proposition.

Plaintiff's above claims and objections are unpersuasive. A plain reading of Mr. McConnell's affidavit does not support plaintiff's position. In fact, Mr. McConnell stated: "In order to elicit complete and truthful responses, the interviewees were requested to keep the interview confidential." (Affidavit, Thomas McConnell at ¶10). There is a significant legal difference between an order and a request in this context. The former could possibly have discouraged an employee from participating in this lawsuit and constituted coercion, while the latter is consistent with an employer's fundamental right to interview its employees, pre-certification, in order to gather and learn the facts surrounding its own operations.

Ms. Totten's affidavit is the only piece of evidence possibly supporting plaintiff's position. This Court will not presume Discount Drug Mart's communication was impermissible based solely on *one contested* affidavit.

6

*Objection Four*

Ms. Snide objects to the R&R's denial of her Motion to Strike Filings #18 & #19. Plaintiff's objection, however, is no more than a 'general objection' as it relies solely on arguments made in her initial briefs. This objection is therefore, denied without substantive explanation.

## CONCLUSION

For the foregoing reasons, Magistrate Judge White's Report and Recommendation (Doc. 25) is adopted.

IT IS SO ORDERED.

/s/ *signature*
UNITED STATES DISTRICT JUDGE