**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **JOANNE SNIDE,** *et al.***,** ) | **CASE NO. 1:11CV244** |
| Plaintiffs, ) | **JUDGE LESLEY WELLS** |
| v. ) | **MAGISTRATE JUDGE GREG WHITE** |
| **DISCOUNT DRUG MART, INC.** ) | |
| Defendant. ) | **REPORT AND RECOMMENDATION** |

This matter is before the Court on the Parties' Joint Motion, filed under seal, for the Approval of the Collective Action Settlement ("Joint Motion") pursuant to § 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). The Joint Motion asks the Court to approve, as fair and reasonable, the proposed settlements reached by the Parties and memorialized in the attached Settlement Agreements and General Releases (Exhibits A through D) ("Settlement Agreements"). On August 9, 2011, this matter was referred pursuant to Local Rule 72.1 for supervision of all pretrial matters to include recommendations on dispositive motions. (Doc. No. 17.)

**A. Procedural Background**

The above-captioned complaint asserts wage-and-hour claims under the FLSA on behalf of current and former non-exempt, hourly employees at any of Discount Drug Mart's Ohio stores. (Doc. No. 1.) Defendant denied all allegations and asserted various affirmative defenses. (Doc. No. 8.)

In a Report and Recommendation, ruling on Plaintiff's Motion for Conditional Class Certification (Doc. No. 6), this Court recommended that the collective class be defined as follows:

> All current and former non-exempt employees employed by
> Defendant Discount Drug Mart, Inc. at the Wooster, Ohio store
> who, since February 3, 2008 have not been paid in accordance with

> provisions of the FLSA as a result of Defendant Discount Drug Mart, Inc.'s policies, practices or customs, including but not limited to, failure to pay overtime wages and failure to maintain records of hours worked and, as a result, have been damaged.

(Doc. No. 25 at 8.)  After objections were filed, the definition was adopted.  (Doc. No. 31 at 2.)

Upon court approval, the Class Notice was sent to potential members.  Three persons opted into the class.  As such, the class consists of the named Plaintiff plus the three opt-in members, for a total of four persons (the "Class").  (Doc. No. 1, 40-42.)

### B. Standards for Approval of an FLSA Settlement

Generally, employees' claims under the FLSA are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court. *Gentrup v. Renovo Servs, LLC*, 2011 WL 2532922, at *2 (S.D. Ohio Jun. 24, 2011) (*citing Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982)).  The procedure for obtaining court approval is for the parties to present to the district court a proposed settlement, upon which the court may enter a stipulated judgment only after scrutinizing the settlement for fairness. *Gentrup*, 2011 WL 2532922, at *2.  If a settlement in an employee FLSA suit reflects "a reasonable compromise over issues" that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id*.

The Sixth Circuit has identified the following seven factors a court may consider in determining whether the settlement of FLSA claims is "fair and reasonable:" "(1) the risk of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery completed; (4) the likelihood of success on the merits; (5) the opinion of class counsel and representatives; (6) the reaction of absent class members; and, (7) public interest in the settlement." *Gentrup*, 2011 WL 2532922, *2 (*citing Crawford v. Lexington-Fayette Urban Cnty. Gov't*, 2008 WL 4723399 (E.D. Ky. Oct. 23, 2008.))  The court may choose to consider only factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case.

The ultimate question is whether the plaintiffs are better served if the litigation is resolved, rather than pursued to trial. *Gentrup* at *3.  The Court does not have to determine if

the settlement is the fairest possible resolution for each plaintiff, but rather whether the settlement taken as a whole is fair, adequate, and reasonable. *Id*. (*citing UAW v. General Motors Corp*., 2006 WL 89115 at \*15 (E.D. Mich. Mar. 31, 2006) *aff'd* 497 F.3d 616 (6th Cir. 2007)).

### C. Application

The parties have vigorously litigated this matter for two years. There is no evidence of fraud or collusion. Furthermore, the settlement was reached after the parties engaged in arms-length negotiation, following extensive investigation and discovery. The class members will receive what appears to be full compensation under a best case scenario and the lead Plaintiff will receive a bonus for acting in that capacity. Also, the amount being paid to the four class members is separate from the fees that will be paid to counsel, as the Court will determine that amount under the FLSA.

Additionally, there is no guarantee that Plaintiffs would prevail at trial. In contrast, the Settlement Agreements assure that Plaintiffs will receive substantial compensation. The certainty and finality that comes with settlement also weighs in favor of approval. Likewise, such a ruling promotes the public's interest in encouraging settlement. *See Dillworth v. Case Farms Processing, Inc.*, 2010 WL 776933, \*6 (N.D. Ohio Mar. 8, 2010) (*citing Crawford*, 2008 WL 4723399, at \*9.)

Upon reviewing the Settlement Agreements and the pleadings and papers on file in this action, and for good cause established therein, the Court recommends that the Settlement Agreements be approved as follows:

1. The Settlement Agreements cover the four Plaintiffs who (a) are within the class definition set forth in the court-authorized Notice of Lawsuit and Consent to Join (Doc. Nos. 38 & 39) and (b) either submitted a valid consent form during the notice period or previously opted into the case.

2. The Court finds the proposed Settlement Agreements to be fair and reasonable and, therefore, satisfy the standard for approval under § 16 of the FLSA, 29 U.S.C. § 216(b).

3. The Court finds the proposed allocation of individual payments is fair and

  reasonable, as well as the Class Representative Bonus to the lead Plaintiff. As such, the Court recommends that the Settlement Agreements be implemented according to the terms and conditions set forth therein and the proposed distributions and the Class Representative Bonus be approved. The Court further recommends that payments be distributed in the manner, and subject to the terms and conditions, set forth in the Settlement Agreements.

4. Counsel agree to the "Attorneys' Fees Procedure" set forth in the Settlement Agreements. The Court finds the procedure to be reasonable and recommends that it be approved.

5. Counsel agree that upon conclusion of the Settlement Agreements, the Attorneys' Fees Procedure, and any subsequent proceedings or appeals that may arise therefrom, the parties shall file a Stipulation of Dismissal that the case is "settled and dismissed, with prejudice."

                     s/ Greg White
                    United States Magistrate Judge

Date: February 27, 2013

**OBJECTIONS**

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this Report and Recommendation.** *See* **28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981).** *See also Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986).**